**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICK CRAWFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 3:14-CV-3918-N-BH** |
| | § | |
| **CITI-MORTGAGE INC.,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions.  Before the Court is *CitiMortgage Inc.'s Motion to Dismiss*, filed December 15, 2014 (doc. 9).  Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND[1]

This case involves the foreclosure of real property located at 241 Trinity Drive, Lancaster, Texas 75146 (the Property).  (doc. 1 at 1-2.)[2]  On November 4, 2014, Patrick Crawford (Plaintiff) filed this *pro se* suit against CitiMortgage, Inc. (Defendant).  (*See id.* at 1.)

Plaintiff contends that she is the rightful owner of the Property and is currently in possession of it.  (*Id.* at 8.)  She alleges that she executed a note payable to Home Loan Corporation in the original principal amount of $149,651.00 as well as a deed of trust that secured payment of the note.  (doc. 11-1 at 11, 15-29, 31-41.)  She contends that the deed of trust was made for the benefit of

---

[1]  The background facts are summarized from Plaintiff's complaint in her first action (doc. 11-1 at 10-29) and her complaint in the current action (doc. 1).

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Mortgage Electronic Registration Systems, Inc. (MERS), acting solely as nominee for Home Loan Corporation and its successors and assigns.  (doc. 11-1 at 11-12.)  The deed of trust provided that MERS held "legal title" to the Property and granted MERS the right to exercise any and all of the interests Plaintiff granted Lender, including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender, including but not limited to, releasing and canceling the deed of trust.  (*Id.* at 19, 32)

Plaintiff contends that Defendant, acting through Stephen C. Porter as an "attorney-in-fact," executed a "purported" Appointment of Substitute Trustee on February 26, 2010. (*Id*. at 12.)  It filed and recorded the Appointment of Substitute Trustee in the Official Public Records of Dallas County on March 12, 2010.  (*Id*.)  Defendant's counsel told Plaintiff that MERS assigned the Property to Defendant.  (doc. 1 at 27.)

Plaintiff claims that Defendant "purportedly" conducted a non-judicial foreclosure sale of the Property on January 4, 2011, claiming to be the current mortgagee and mortgage servicer of the Property.  (doc. 11-1 at 12.)  "The Substitute Trustee's Deed purported to convey the Property to Defendant."  (*Id*.)  Defendant also filed a forcible detainer action in the "Justice Court and County Court at Law of Dallas County, Texas."  (*Id*.)

## A.    <u>State Court Lawsuit</u>

In 2014, Plaintiff filed a *pro se* "Petition for a Verification of Debt" against Defendant in the 162nd Judicial District of Dallas County requesting that it produce an original copy of the promissory note in order to prove that it was the holder in due course. (doc. 11-1 at 5.)  After she obtained counsel, she filed an amended petition on December 15, 2014. (doc. 11-1 at 10-29.)  She alleged that the note and deed of trust were not "lawfully and timely indorsed, transferred, and

assigned to Defendant as owner and holder of the Note and Deed of Trust." (*Id*. at 12.)  She further alleged that Defendant was not authorized and entitled to collect on the note and enforce the deed of trust, and that it did not have legal right or standing to "declare a default in payment of the Note," accelerate the maturity of the note, declare a default of the deed of trust, appoint a substitute trustee, or conduct a non-judicial foreclosure sale of the Property.  (*Id*. at 12-13.)  As a result, the substitute trustee's deed was void, and Defendant did not lawfully acquire the Property.  (*Id*. at 13.)  She sought relief in the form of declarations regarding her allegations and contentions.  (*Id*.)

Defendant filed a counterclaim seeking a declaratory judgment that the foreclosure sale of the Property was valid, and it moved for summary judgment on Plaintiff's claims and on its counterclaim.  (*See id.* at 2, 6.)  The trial court granted the motion and dismissed Plaintiff's claims with prejudice.  (*See id.* at 2-3.)  The Court of Appeals for the Fifth District of Texas at Dallas affirmed the trial court's judgment. *See Crawford v. CitiMortgage, Inc*., No. 05-12-01473-cv, 2014 WL 1022374, at *1-2 (Tex. App.–Dallas, Feb. 20, 2014).

## B.    The Current Lawsuit

In this *pro se* action, Plaintiff alleges that the note is a unilateral contract because she is the only person who signed it.  (*Id*. at 12.)  As the signer of the note, "the funding source" belonged exclusively to her, and "any further separations" of the note and deed of trust after she signed it "made everything after that fraud."  (*Id*.)  She contends that banks are not allowed to loan their own credit, and they are not allowed to loan money.  (*Id*.)  Allegedly, the bank did not loan her money, and in fact gave her a loan with her own money. (*Id*. at 12-14.)   She claims that the failure to disclose that her "promissory note is not a note but is a security constitutes a lack of full disclosure" covered by the Truth in Lending Act (TILA). (*Id*. at 13-14.)   According to Plaintiff, Defendant

violated 12 C.F.R. § 226.23 "for failure to disclose," and therefore she is entitled to rescind the mortgage. (doc. 1 at 11-12.) She acknowledges that under TILA, "[m]ost mortgage contracts do have a 3-day right of rescission." (*Id*. at 13.) She also claims that the legal right of rescission can extend up to three years from the date a loan is closed in certain circumstances, but she contends that fraud is the exception to that rule. (*Id*. at 13.) Therefore, based on the alleged fraud and lack of disclosure, Plaintiff contends that she rescinded her signature on the mortgage, and the mortgage is void. (*Id*.) She alleged that she was cancelling the "mortgage contract" and requesting all her payments back under the loan. (*Id*.) Since there was "no longer any legal instrument to foreclose on ... neither MERS nor [Defendant] had [   ] legal standing to foreclosure." (*Id.*)

Plaintiff also contends that MERS and Defendant "illegally preceded into wrongful foreclosure." (*Id*. at 24.) According to her, they never had a legal contract, and MERS "cannot assign a note, period." (*Id*. at 25.) She claims that there was no recording of a transfer of assignment. (*Id*.) She also asserts that the note was really transferred and assigned "to the securitization trust." (*Id*. at 28.) Further, "HOME LOAN CORPORATION never entered into a contract agreement with MERS nor [Defendant]." (*Id*. at 24.)

Plaintiff additionally asserts that Defendant failed to provide complete and adequate documentation in order to prove its case in the first lawsuit. (*Id*. at 25.) She states that the court in the first lawsuit erred in allowing Defendant to produce an alleged original note "17-18 months after an actual foreclosure." (*Id*. at 25-26.) According to Plaintiff, her "newly obtained counsel" in the state court action was not granted due process, and she was denied due process because there was "never any evidence that was able to be answered." (*Id*. at 25.) "RESPA[3] [v]iolations occurred"

---

[3]RESPA stands for the Real Estate Settlement Procedures Act.

because she was never shown the "ORIGINAL SIGNATURE CONTRACT, LOAN CHECK, VALIDATION OF DEBT." (*Id.* at 25.) She also contends that Defendant failed to produce adequate proof of the "contract," the deed of trust, and the promissory note at the forcible detainer proceeding which were "requested by two (2) Qualified Written Requests." (*Id.* at 26.)

Based on these allegations, Plaintiff expressly asserts claims for breach of contract, undue influence, conspiracy, tortious inference, specific performance, breach of fiduciary duty, unconscionability, unreasonable collection efforts, and conversion. (*Id.* at 29-30.) Her complaint can also liberally be construed as asserting claims for wrongful foreclosure, fraud, violations of RESPA, TILA and Regulation Z, and the Fair Debt Collection Practices Act as well as seeking declaratory relief[4], and a notice of lis pendens.[5] (*Id.* at 2, 13, 24-26, 29-30.) She expressly seeks actual damages, attorney's fees, punitive and treble damages, injunctive relief[6], reversal of the foreclosure sale, return of her home and the note, removal of "all negative information regarding the wrongful foreclosure" from "all three Credit Reporting Agencies," and "waivers of all fees wrongfully assessed to her note." (*Id.* at 2, 8, 31-32.)

On December 15, 2014, Defendant moved to dismiss Plaintiff's complaint. (*See* doc. 9.) Plaintiff requested and was granted a few extensions to file a response. (*see* docs. 13-17, 19.) With

---

[4]Plaintiff's complaint is entitled "Federal Complaint, Application for Temporary Injunction, Permanent Injunction, Notice of Lis Pendens, and *Declaratory Relief*." (*See* doc. 1 at 1.)(emphasis added).

[5]According to the complaint, a "Notice of Lis Pendens is being requested to 'Cloud the Marketability of Title.'" (doc. 1 at 2.)

[6]It is not clear what type of injunctive relief Plaintiff seeks. She states that a temporary injunction is required to maintain her "status quo through the District Lawsuit Trial which has already been scheduled for Thursday, November 6, 2014." (doc. 1 at 2.) She also states that a permanent injunction is "required to maintain everything decently and in order after completion of the Federal Lawsuit Trial before a jury." (*Id.*) She further requests that MERS and Defendant be enjoined, but it is not clear what she wants them to be enjoined from. (*See id.* at 31.)

a timely-filed response (doc. 20) and a timely-filed reply (doc. 21), the motion is now ripe for recommendation.

## II.  RULE 12(b)(6) MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) on grounds of "res judicata."[7]  (*See* doc.  10 at 9-12.)

## A.    <u>Rule 12(b)(6) Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Although "detailed factual allegations" are not necessary,

---

[7]Defendant also moves to dismiss Plaintiff's claims on the basis that they fail as a matter of law because they are based on its alleged failure to own the note and on alleged improper assignments, and because the claims are improperly pled.  (doc. 10 at 10-16.)  Because Plaintiff's claims are otherwise subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach these arguments.

a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 679.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material

that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is [also] clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Defendant attached to its motion copies of Plaintiff's complaint in his first lawsuit, the district court's order granting Defendant's first amended motion for summary judgment in the first lawsuit, the Court of Appeals for the Fifth Circuit of Texas's memorandum opinion affirming the district court's grant of the summary judgment, the deed of trust, and a memorandum opinion and order from *Wagner v. CitiMortgage*, No. 14-cv-657-A. (doc. 11-1.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Because the documents attached to Defendant's motion to dismiss are subject to judicial notice, conversion of the motion

8

to dismiss into a motion for summary judgment is unnecessary.

## B.  Res Judicata[8]

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, the Fifth Circuit has held that "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, because the elements of res judicata appear on the face of Plaintiff's complaint and in documents that are subject to judicial notice, this defense may be considered for purposes of Defendant's motion to dismiss. *See id.*; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n. 3 (N.D. Tex. Aug. 1, 2012) (considering the res judicata defense in a Rule 12(b)(6) context because "all [the] relevant facts [were] in the record and [were] uncontroverted").

### III. RES JUDICATA

Defendant contends that Plaintiff's claims are barred by "res judicata" or "claim preclusion" because each cause of action she attempts to state in her complaint are based on the same allegations as in her state court suit, i.e., "[Defendant's] alleged failure to own the note and to properly assign the deed of trust." (doc. 10 at 11.) It contends that Plaintiff's claims are either identical to those in

---

[8] Because res judicata is an absolute bar to a party's claims, this argument is considered first.

the state court case or are based on the same nucleus of operative facts and related in time and space, and therefore they were brought or should have been brought in the state court suit. (*Id*. at 11-12.)

"When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates. *Jones v. Sheenan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Here, Defendant contends that a Texas court judgment is a bar to Plaintiff's current suit, and so the Court looks to Texas res judicata law.

In Texas, "[b]roadly speaking, res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgment," and it has "two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel)." *Barr v. Resolution Trust Corp*., 837 S.W.2d 627, 628 (Tex. 1992). "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Id*. In order to prevail based on res judicata, the proponent must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a second action based on the same claims as were raised or should have been raised in the first action. *Jones*, 82 F.3d at 1338 (citing *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)).[9]

## A.      <u>Prior Final Judgment</u>

The first element is met here because the state court in the first suit granted Defendant's

---

[9]Plaintiff argues that Defendant is precluded from raising the doctrine of res judicata as a defense because "the fraud is extrinsic in nature." (doc. 20 at 23.) She provides no authority for this conclusory contention, and her argument fails.

motion for summary judgment and dismissed all of Plaintiff's claims against it with prejudice. (*See* doc. 11-1 at 2-3). Summary judgment is a final judgment on the merits. *See Pines of Westbury, Ltd., v. Paul Michael Const., Inc.*, 993 S.W.2d 291, 294 (Tex. App.–Eastland 1999, pet. denied)("A summary judgment is a final judgment on the merits that bars relitigation of the case."). The final summary judgment was affirmed by the appeals court. *See Crawford*, 2014 WL 1022374, at *1-2. Plaintiff does not dispute that the state court was a court of competent jurisdiction as to her case.

## B.   <u>Identity of Parties</u>

"Identity of parties" requires that both parties to the current suit be parties to the prior suit or in privity with the parties to the prior suit. *Jones*, 82 F.3d 1334 at 1341 (citing *Coalition of Cities for Affordable Utility Rates v. Public Util. Comm'n*, 798 S.W.2d 560, 563 (1991), *cert.* denied, 499 U.S. 983, 11 S.Ct. 1641, 113 L.Ed.2d 736 (1991)). Defendant was named as a defendant in Plaintiff's state court suit and in the current suit, and therefore identity of parties exists with respect to the state court suit. (*See* docs. 1 and 11-1.)

## C.   <u>Same Claims</u>

Defendant contends that the claims asserted in the current lawsuit could have been asserted in the state court suit. (doc. 10 at 10.) It claims that in her state court suit and in the appeal of that suit, Plaintiff challenged Defendant's ownership of the loan and right to foreclose based on alleged improper assignments. (*Id*. at 11.) According to Defendant, all the claims she attempts to bring in her current complaint are based on the its alleged failure to own the note and properly assign the deed of trust, which are the same allegations she made in the state court suit. (*Id*.)

Texas courts employ a "transactional approach" to determine what claims should have been litigated in an earlier suit. *Jones*, 82 F.3d at 1342. Under this approach, "[a] subsequent suit will

be barred [by res judicata] if it arises out of the same subject matter of a previous suit." *Barr*, 837 S.W.2d at 631. A determination of what constitutes the subject matter requires an analysis of the factual matters that make up the "gist of the complaint" without regard to the form of the suit. *Id.* at 630. Any cause of action that arises out of those facts should be litigated in the same lawsuit, if practicable. *Id.* "Borrowing from the Restatement (Second) of Judgments, which also employs a transactional approach, the *Barr* court stated that a "transaction" is not equivalent to a sequence of events; instead, the determination is to be made pragmatically, giving weight to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Jones*, 82 F.3d at 1342 (citing *Barr*, 837 S.W.2d at 631). Ultimately, a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connection transactions, out of which the action arose. *Barr*, 837 S.W.2d at 631.

In her first action, Plaintiff sought declaratory relief based on allegations that the note and deed of trust were not lawfully assigned to Defendant, that Defendant did not have the legal right or standing to accelerate the loan and foreclose on the Property, that the foreclosure sale was invalid, and that Defendant is not the lawful owner of the Property. (doc. 11-1 at 12-13.) She now asserts a myriad of claims based on her contention that there was a failure to disclose that the note was not really a note, and that she was not given a loan. (doc. 1 at 11-14.) Her claims are also based on her allegations that MERS and Defendant did not own the note, were not assigned the note or deed of trust, and had no legal standing to foreclose. (*Id*. at 24-28.)[10]

_____

[10]Plaintiff also alleges that due process was denied to her "newly obtained legal counsel" in the state court action, and that the state court did not allow due process because "there was never any evidence that was able to be answered." (doc. 1 at 24-26.) It is not clear that any of Plaintiff's claims are based on her due process allegations, and it is not clear how her due process rights were violated in the state court action. Defendant moves to dismiss any

Plaintiff's claims in both actions arise from the same transactions, or series of connected transactions: (1) Plaintiff obtaining a mortgage loan from Home Loan Corporation and executing a note and deed of trust in its favor; (2) MERS's assignment of the note and deed of trust to Defendant; and (3) Defendant's attempts to foreclose on the Property.  (*See* docs. 11-1 at 11-13; 1 at 2,11-14, 24-28.)  She now makes new factual allegations, other than the due process allegations, that: (1) there was a failure to disclose that the note was not really a note and she was given a loan with her own money, (2) "further" separations of the note and deed of trust after she signed her loan were fraudulent, (3) Home Loan Corporation never entered into a contract with MERS, and (4) MERS cannot assign a note.  (doc. 11-1 at 11-14, 24-28.)  Although she attempts to use these additional facts to support different theories of recovery, all of her allegations relate to Defendant's attempt to foreclose on the Property.   Considered together, all of her claims are related in "motivation" and "origin" and form a "convenient trial unit", as she ultimately seeks to "reverse" or rescind the foreclosure sale on the basis that it was invalid, restore herself to the position she was in before the foreclosure sale, and retain possession and ownership of the Property due to Defendant's alleged lack of standing to foreclose.  (*See* doc. 1 at 31-32, doc. 11-1 at 13.)  Despite her contentions, the court in the state court suit found that the foreclosure sale was valid and enforceable.  *(See* doc. 11-1 at 3)(holding that "the foreclosure sale completed by Defendant on

---

claim for due process violations on the basis that she fails to illustrate any underlying state action that violated her constitutional rights.  (*See* doc. 10 at 15.)  To the extent she intends to assert a claim based on her due process allegations, she fails to state how any action of the state court resulted in a denial of due process.  *See* Tex. Const. art. 1 § 19.  Her bare and conclusory allegations are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'")(citing *Twombly*, 550 U.S. at 570.)  Also, to the extent Plaintiff's allegations are based on her contention that Defendant failed to produce the original note as proof of its ownership of the note, the Court of Appeals for the Fifth District of Texas at Dallas expressly found upon appeal of the state court action that Defendant produced the original promissory note at the summary judgment hearing.  See *Crawford*, 2014 WL 1022374, at *2.  It found that Defendant's production of the note established as a matter of law that it was entitled to foreclose on the Property. *See id.*

January 4, 2011 on the property ... is valid and enforceable"). The appeals court affirmed the judgment. *See Crawford*, 2014 WL 1022374, at *2.

In conclusion, because all the elements of claim preclusion are satisfied, Plaintiff's claims against Defendant are barred and should be dismissed with prejudice. *See Butts*, 2011 WL 7109344, at *2 (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'—the mortgage loan obtained by [the] plaintiff on the subject property"); *see also Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted).

## IV.   NEW ALLEGATIONS

Plaintiff's response to Defendant's motion to dismiss asserts a myriad of new factual allegations that were not asserted in her complaint, including that (1) Defendant violated 15 U.S.C.§ 1692e(10) by using deceptive means to collect a debt, (2) Defendant pulled eight "AR Requests in 2010" from Equifax and Plaintiff's Equifax Fair Credit Reporting Act (FCRA) report incorrectly shows that Defendant opened her home mortgage loan in 2004, (3) Defendant foreclosed on the Property while she was being considered for a loan modification, and (4) Defendant sent her harassing phone calls even though it had no intention of engaging her in a dialog. (*See* doc. 20 at 14-53.)  The response also included claims for an accounting, violation of the Telephone Consumer Protection Act, violation of FCRA, and violation of "18 U.S. Code Chapter 47," all of which were not asserted in the complaint.

14

Even if liberally construed as an amendment to her complaint,[11] Plaintiff's allegations and claims fail to state a claim for relief because they arise from Plaintiff's mortgage loan and are based on Defendant's attempt to foreclose.  As noted, any of Plaintiff's claims against Defendant based on such allegations are barred by the doctrine of res judicata.  Therefore, to the extent any new claims are asserted in her response, they are also subject to dismissal for failure to state a claim.

## V.  RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims against it should be dismissed with prejudice.[12]

---

[11]Plaintiff's new allegations in her response are not part of the pleadings to be considered for purposes of the motion to dismiss.  *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir.2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court), citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990).  She has not sought or been granted leave to amend her complaint to add these allegations, and she has not shown that Defendant consented to an amendment.  *See* Fed. R. Civ. P. 15(a)(2).  Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend her complaint.  *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir.1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

[12]  Plaintiff seeks injunctive relief, declaratory relief, a notice of lis pendens, removal of negative credit reporting, waiver of fees wrongfully assessed on her loan, and to recover actual damages, punitive and treble damages, attorney's fees.  (*See* doc. 1 at 2, 8, 31-3.)  Because her substantive claims are barred by res judicata, these requests should be dismissed.  *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *recommendation adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (dismissing the plaintiff's request for attorney's fees because his substantive claims were dismissed); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) ("To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'") (quoting *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)); *Turner*, 2011 WL 3606688, at *6 (dismissing the plaintiff's request for declaratory judgment where he pleaded no viable claim for relief).

**SO RECOMMENDED** on this 14th day of July, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

16